Vikrant Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MICHAEL GLANTON,

                       Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. DANILO
MALDONADO, P.O. ROY ABOUNAOUM,
LT. KEITH MARESCA, JOHN AND
JANE DOES, 1-10, ET AL.,

                       Defendants.
-------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Demand

12 CV 5488 (NRB) (SN)

Plaintiff MICHAEL GLANTON (hereinafter "Plaintiff") by and through his attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of New York, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendants Maldonado, Abounaoum, Maresca and other yet to be named individual defendants are employees of defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

10. Plaintiff is a 24 year old and identifies himself as an African-American Tran-sexual or Transvestite.

11. On July 24, 2011, plaintiff and his friends had just exited BBQ's restaurant located around West 6th street in Manhattan.

12. As plaintiff and his friends were proceeding towards their respective train station to go home, they observed defendant Maresca and other individual defendant police officers yelling at other people who were at the distance from plaintiff and his friends.

13. When defendant Maresca observed plaintiff noticing his tirade, he came over to plaintiff and told him "keep it moving faggot or I'll smack the shit out of you."

14. Even they were shocked at these outrageous comments, plaintiff and his friends continued on their way to their respective train station.

15. However, before plaintiff could enter the subway, he saw from the corner of his eye, defendant Maresca charging at him with his night-stick and struck plaintiff as he called him a "faggot."

16. Plaintiff fell to the ground as his friends watched in horror when other individual defendant officers also started attacking plaintiff with their night-sticks and

yelling at plaintiff calling him "fucking homo," "bitch," "tranny" among other derogatory names simply because of plaintiff's appearance.

17. Defendants then put a bleeding plaintiff inside their squad car.

18. When plaintiff complained about the pain, defendant Maresca took him out of the car and hit him repeatedly with his walkie-talkie.

19. There were at least 6 witnesses that plaintiff is aware of who witnessed this entire ordeal.

20. Plaintiff's request for medical treatment was denied.

21. Plaintiff was held for more than 72 hours and released without being given any medical treatment despite his obvious injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to Plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive force)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants punched, kicked and used walkie-talkie and night-sticks to attack plaintiff causing him serious and permanent injuries.

27. As a result of defendants' conduct, Plaintiff suffered severe injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering individuals suspected of crimes without due process based on their sexual orientation and race and for voicing their concerns about police brutality. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate

screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

31. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

32. The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

33. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants discriminatorily targeted and attacked plaintiff because of his race and color and caused him deprivation of his constitutional rights.

36. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Eighth Amendment Rights)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Plaintiff was suffering from injuries inflicted upon him by defendants and it was clearly visible to the naked eye.

39. Yet, defendants ignored his pleas and subjected him to further pain and were deliberately indifferent to plaintiff's medical needs and condition.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(First Amendment Rights)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants targeted and brutalized plaintiff because of his sexual orientation and as a result violated his rights secured under the First Amendment.

Defendants further used excessive force and denied plaintiff medical treatment because he voiced his concerns over the unlawful treatment he was being given.

44. As a result of plaintiff suffered serious and permanent injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

51. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

54. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

55. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

56. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

57. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

58. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A TWELVTH CAUSE OF ACTION
(Failure to Intervene)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant officers and other officers at the scene failed to intervene when they saw their fellow NYPD officers assault plaintiff.

61.     Defendants' failure to intervene caused plaintiff unnecessary injuries.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Supervisory Liability)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendant Maresca had the supervisory duty to control his sub-ordinates. Instead through his own actions and inaction, plaintiff suffered injuries and therefore Maresca is liable under supervisory liability.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 26, 2012

>Vikrant Pawar, Esq.
>20 Vesey Street, Suite 1210
>New York, New York 10007
>(212) 571-0805
>
>By: _____
>Vikrant Pawar (VP9101)
>Robert Blossner (RB0526)
>*Attorneys for Plaintiff*